# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re:* **T.B. & N.C.**

**No. 15-0529** (14-JA-54 & 14-JA-96)

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother A.H., by counsel Brandon S. Steele, appeals the Circuit Court of Fayette County's March 18, 2015, order terminating her parental rights to T.B. and N.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher S. Moorehead, filed a response on behalf of the children also supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights and in denying her motion to reinstate her improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner abused and neglected T.B. by exposing the child to drug and alcohol abuse. The petition alleged that, in March of 2013, the police stopped petitioner's vehicle for having a loose muffler. Police officers observed $27,000 in cash, a flat-screen television, two cases of beer, and a bottle of liquor in the vehicle. According to the police officers, petitioner appeared to be under the influence of drugs or alcohol. Petitioner removed a needle from her clothing and handed it to the police officers as she exited the vehicle; heroin and spoons were also found in the vehicle. The petition further alleged that petitioner had no contact with T.B. since June of 2013. Petitioner was pregnant with N.C. at the time of the petition's filing. The DHHR filed a motion for the immediate removal of T.B. The circuit court found that imminent danger existed to T.B.'s physical wellbeing and granted the DHHR custody.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In May of 2014, the circuit court held a preliminary hearing and petitioner waived her right to that hearing. The circuit court ordered that petitioner have no contact with T.B. until the adjudicatory hearing. Petitioner was ordered to submit to random drug screens, and the circuit court stated that it would reconsider visitation between petitioner and T.B. after petitioner had two clean drug screens.

In June of 2014, petitioner submitted a written stipulated adjudication wherein she admitted that, at the time of the abuse and neglect petition's filing, she had a substance abuse problem. She also admitted to having a substance abuse problem that resulted in T.B.'s neglect. The circuit court accepted petitioner's written stipulation and adjudicated petitioner as neglecting T.B. Petitioner also advised the circuit court that she was taking methadone as prescribed by her physician to treat her substance addiction and that N.C. was due in July of 2014.

In July of 2014, Petitioner filed a motion for a post-adjudicatory improvement period. The circuit court granted petitioner's motion and required that petitioner: have supervised visitation with T.B. pending clean drug screens; undergo a drug assessment evaluation; participate in parenting and adult life skills classes; not consume or possess any controlled substances without a valid prescription; not violate any laws; maintain clean and suitable housing; submit to drug screens; not cohabitate or associate with any known drug dealers or convicted felons; not be present at any location where drugs are sold; and comply with the physician attending her pregnancy. Thereafter, the DHHR filed an amended abuse and neglect petition following N.C.'s birth. The infant was born addicted to methadone due to petitioner's drug addiction. Subsequent to the amended petition's filing, the circuit court transferred custody of N.C. to the DHHR and scheduled a preliminary hearing on the amended petition. The circuit court held a preliminary hearing and found probable cause that N.C. was an abused child but permitted petitioner supervised visitation with N.C.

In August of 2014, petitioner submitted a written stipulated adjudication wherein she admitted that she had a substance abuse problem, that she engaged in a methadone treatment program, and that, as a result, N.C. was born addicted to methadone. Petitioner further acknowledged that she could not consume or possess controlled substances without a prescription. Petitioner admitted that she had taken oxycodone. Petitioner advised the circuit court that she had been incarcerated and placed on probation for unrelated criminal charges. Petitioner failed two drugs screens for oxycodone and oxymorphone. The circuit court accepted her written stipulation and found that her addiction to illegal drugs led to her methadone treatment which caused N.C. to be born methadone addicted. Petitioner moved for a post-adjudicatory improvement period. The circuit court granted petitioner's motion.

In November of 2014, the DHHR filed a motion to revoke petitioner's post-adjudicatory improvement period. According to the DHHR, petitioner violated the terms of her improvement period because she used controlled substances without a valid prescription on more than one occasion, and she was incarcerated for failing a drug screen in violation of her bond conditions. Additionally, at a hearing in Fayette County Magistrate Court regarding the revocation of her probation, petitioner tested positive for two controlled substances and admitted to using drugs while incarcerated. Her probation was revoked and she was taken to a holding cell to await transport to the Southern Regional Jail. While in the holding cell, petitioner injected herself with

a needle containing a drug that caused her to become unresponsive. She was rushed to the hospital, treated, and taken to the Southern Regional Jail. The circuit court granted the DHHR's motion and revoked petitioner's improvement period by order in December of 2015.

In March of 2015, petitioner filed a motion to reinstate her post-adjudicatory improvement period based on her admittance to the Crossroads Recovery Home, a residential substance abuse treatment facility. Petitioner also filed a motion for a dispositional improvement period based on her admittance to the same facility. In March of 2015, the circuit court held a dispositional hearing. The circuit court denied petitioner's motions, finding that she had not demonstrated the likelihood that she would fully participate in an improvement period and that there had not been a substantial change in circumstances supporting the likelihood of her full participation in another improvement period. After hearing testimony and taking note of the contents of the court file, the circuit court found petitioner unwilling and unable to adequately provide for her children's needs and that continuation in the home was contrary to the children's welfare. The circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court noted that petitioner's program at Crossroads Recovery Home would last approximately six months. The circuit court concluded that the children needed continuity in care, and that a significant amount of time is required to integrate them into a stable and permanent home environment. The circuit court found that the family case plan recommended adoption and that the case plan was in the children's best interests. Upon these findings, the circuit court terminated petitioner's parental rights to both children by order entered on April 10, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.,* 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a dispositional improvement period.[2]

---

[2]In March of 2015, petitioner filed a motion for reinstatement of her post-adjudicatory improvement period based upon a change in circumstances approximately three months after the
(continued . . . )

We have explained that West Virginia Code § 49-6-12 grants circuit courts discretion in determining whether to permit an improvement period in abuse and neglect proceedings. West Virginia Code § 49-6-12(b)(2) requires a parent to prove by clear and convincing evidence that she is likely to fully participate in the same. Additionally, pursuant to West Virginia Code § 49-6-12(b)(4), a circuit court may grant a parent a dispositional improvement period after having previously granted an improvement period if the parent "demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances." The same code section also requires the parent to "demonstrate that due to that change in circumstances the [parent] is likely to fully participate in a further improvement period." In support of her assignment of error, petitioner alleges that the circuit court erred in finding that she had failed to establish a substantial change in circumstances since her prior improvement period was terminated. We do not agree.

In the dispositional order, the circuit court addressed the facts that petitioner argued that constituted a substantial change in the circumstances and, as such, support the position that she was likely to fully participate in a dispositional improvement period. While petitioner argues that she was making significant progress at the Crossroads Recovery Home treatment facility, the record on appeal indicates that the circuit court considered her progress before ruling that petitioner failed to make the necessary progress to warrant granting her a dispositional improvement period. Petitioner agreed to the terms of her post-adjudicatory improvement period but she failed to comply with said terms or successfully complete them. The evidence established that petitioner failed drugs screens for oxycodone and oxymorphone after she was granted a post-adjudicatory improvement period, that she used other controlled substances without a valid prescription on more than one occasion, and that she was incarcerated for failing a drug screen in violation of her criminal bond conditions. Petitioner also used drugs while incarcerated and before being transported to the Southern Regional Jail, when she injected herself with a needle containing a drug that caused her to become unresponsive. For these reasons, the circuit court did not err in denying petitioner's motion for a dispositional improvement period.

---

circuit court revoked the same. It appears from the record that the circuit court never ruled on petitioner's motion for reinstatement. That same month, petitioner filed a motion for a dispositional improvement period based on the same change in circumstances, and the circuit court denied the motion. As such, this Court will address petitioner's assignment of error as to the circuit court's denial of her motion for a dispositional improvement period. West Virginia Code § 49-6-12 does not contemplate reinstatement of improvement periods. West Virginia Code § 49-6-12(g) does authorize a circuit court to extend any improvement period granted pursuant to subsections (b) or (c) of that statute for a period not to exceed three months. Simply put, petitioner's motion to reinstate her post-adjudicatory improvement period was improper, as no such procedure is contemplated under West Virginia Code § 49-6-12, and because an extension to that improvement period was impossible due to the revocation of the improvement period three months prior. For these reasons, it is clear that petitioner was not entitled to reinstatement of her post-adjudicatory improvement period. Consequently, the Court will address only the circuit court's ruling on her motion for a dispositional improvement period.

Further, we find no error in the circuit court's termination of petitioner's parental rights. The circuit court found petitioner was unwilling and unable to adequately provide for her children's needs, and that continuation in the home was contrary to the children's welfare. The circuit court noted that petitioner's program at Crossroads Recovery Home would last approximately six months and concluded that the children needed continuity in care, and that a significant amount of time is required to integrate them into a stable and permanent home environment. The circuit court likewise noted that granting petitioner another improvement period would delay permanency for approximately twenty months and that the children needed permanency "sooner rather than later."

Pursuant to West Virginia Code § 49-6-5(b)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above.

The circuit court also was presented with sufficient evidence to find that termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *Cecil T.*, 228 W.Va. at 89, 717 S.E.2d at 873. As such, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 18, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

5

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II